### Scott and others *vs.* Standart.

Where, under the acts of 1832 and 1835, authorizing all or any of the parties
to a bill or note to be included in one action, a suit is commenced against
the maker and endorser of a note, and only one of the defendants is
brought into court, the plaintiff may declare against him alone, the same
as if the other defendant had not been named in the process.

March, 1839.    THE defendant Standart was the maker, and one David
Griffith was the endorser of a promissory note on which the
action was brought.   The suit was commenced by capias
against both maker and endorser under the act of 1832,
with an *ac etiam* clause for the purpose of holding them to
bail, they being non-residents of the state.   Standart was
arrested and held to bail, and Griffith was returned by the
sheriff *non est.*   The plaintiffs thereupon declared on the
note against Standart alone, who now moves to set aside the
declaration.

*I. Cagger,* for defendant.

*I. Williams,* for plaintiffs.

*By the Court,* Bronson, J.   This was not the case of a
*joint* contract, and the plaintiffs could proceed only against
the party who had been brought into court.   If they could
not declare against him alone, they had no alternative but to
abandon a suit which had been properly commenced.   We
have already gone very far in allowing a severance, where
the plaintiff proceeds under the statute authorizing the holder
to include all the different parties to a note or bill in one ac-

tion. *Fuller* v. *Van Schaick*, 18 Wendell, 547. *Clark* v. *Parker*, 19 id. 125. I think a severance of the action should be allowed in this case. It forms a necessary-exception to the general rule, that in bailable actions the declaration must follow the process.

Motion denied.

Where under the acts of 1832 and 1835, authorizing all or any of the parties to a bill or note to be included in one action, a suit was commenced against three makers of a joint and several note, and an endorser of the same note, and all the parties except one of the makers suffered defaults for not pleading, it was held that the plaintiffs might sever the action and take judgment against those of the defendants who had suffered defaults.